1 | BLANK ROME LLP
Colleen A. Carolan (SBN 210755)
2 | Carolan@BlankRome.com
1925 Century Park East, 19th Floor
3 | Los Angeles, CA 90067
Telephone: 424.239.3400
4 | Facsimile: 424.239.3434

5 | Attorneys for Defendant
REMBRANDT IP SOLUTIONS, LLC
6

7 | **UNITED STATES DISTRICT COURT**

8 | **NORTHERN DISTRICT OF CALIFORNIA**

9

10 | PHILIP C. HARTSTEIN,                    Case No. 3:12-cv-02270-NC

11 |                      Plaintiff,

12 |        vs.                              **DEFENDANT REMBRANDT IP
SOLUTIONS, LLC'S NOTICE OF**
13 | REMBRANDT IP SOLUTIONS, LLC, and DOES 1  **MOTION AND MOTION TO DISMISS
THE COMPLAINT UNDER F.R.C.P.**
through 25, Inclusive ,                  **12(b)(3) OR, IN THE ALTERNATIVE,**
14 |                                         **TRANSFER VENUE PURSUANT TO 28**
                     Defendants.         **U.S.C. § 1406(a)**
15 |

16 |                                         Date: June 20, 2012
Time: 9:00 a.m.
17 |                                         Dept.: Courtroom A – 15th Floor
Judge: Hon. Nathaniel Cousins, U.S.M.J.
18

19

20

21

22

23

24

25

26

27

28

**122237.00201/95075852V.1**

1   **NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT UNDER F.R.C.P.**

2   **12(b)(3) OR, IN THE ALTERNATIVE, TRANSFER VENUE PURSUANT TO 28 U.S.C.**

3   **§ 1406(a)**

4

5   TO:    PLAINTIFF PHILIP HARTSTEIN AND HIS ATTORNEYS OF RECORD

6          **PLEASE TAKE NOTICE THAT**, on June 20, 2012, or as soon thereafter as the mater may

7   be heard in the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102,

8   Defendant, Rembrandt IP Solutions, LLC, will move the Court for an Order granting its Motion to

9   Dismiss the Complaint Under F.R.C.P. 12(b)(3), or in the Alternative, to Transfer Venue Pursuant to

10  28 U.S.C. § 1406(a).

11         This motion is made pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, and

12  28 U.S.C. § 1406(a), on the ground that venue is not proper in the United States District Court for

13  the Northern District of California.  This motion is based on this Notice of Motion, the attached

14  Memorandum of Points and Authorities, the declaration of Derek Wood filed herewith, and on such

15  oral and documentary evidence as may be presented at the hearing on the motion.

16

17  DATED:  May 11, 2012                    BLANK ROME LLP

18

19

20                                      By: /s/ Colleen A. Carolan
                                             Colleen A. Carolan

21                                      Attorneys for Defendant
                                        Rembrandt IP Solutions, LLC
22

23

24

25

26

27

28
                                            1

1

2

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **INTRODUCTION**

3     Defendant Rembrandt IP Solutions, LLC ("Rembrandt") respectfully submits this

4  memorandum in support of its motion to dismiss Plaintiff Philip C. Hartstein's complaint under Fed.

5  R. Civ. P. 12(b)(3), or, in the alternative, to transfer Plaintiff's action to the United States District

6  Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

7     Plaintiff, a former employee, signed an employment agreement ("Agreement") with

8  Rembrandt on December 23, 2009, and began employment on January 1, 2010.  The Agreement

9  requires Plaintiff and Rembrandt to litigate "all actions and proceedings relating in any way" to the

10 Agreement or the parties' employment relationship exclusively in a *Pennsylvania* court.  By its

11 terms, this unambiguous forum selection clause bars Plaintiff's complaint, which asks a *California*

12 court to declare invalid the Agreement's one-year non-compete covenant and enjoin Rembrandt

13 from enforcing the non-compete agreement.

14     The Pennsylvania forum selection clause is presumptively valid and Plaintiff cannot satisfy

15 the heavy burden necessary to bring his claims against Rembrandt in a California court.  Plaintiff has

16 not alleged, and cannot establish, that Rembrandt obtained the forum selection clause through fraud.

17 Plaintiff is certainly able to litigate his claims in a Pennsylvania court.  And California courts have

18 held repeatedly that public policy does not prohibit the enforcement of a forum selection clause in

19 non-compete litigation.

20     Plaintiff agreed to litigate "all actions and proceedings relating in any way" to the Agreement

21 in a Pennsylvania court.  Therefore, he may not now challenge his non-compete covenant in a

22 California court.  This Court should grant Rembrandt's motion and either dismiss Plaintiff's

23 complaint or transfer the complaint to the United States District Court for the Eastern District of

24 Pennsylvania.

25                          **STATEMENT OF THE CASE**

26     Rembrandt, together with its parent, Rembrandt IP Management, LLC, identifies valuable

27 United States patents and helps patent owners realize the value of their patent rights through

28

1

1    litigation and the negotiation of patent licenses.  Decl. of Derek Wood ("Wood Decl.") ¶¶ 3-4.

2    Rembrandt's corporate headquarters and principal place of business is in Bala Cynwyd,

3    Pennsylvania, and the company's managing officers all work in Pennsylvania.  *Id.* ¶ 5.

4         Plaintiff is a former Rembrandt employee who began employment with the company on

5    January 1, 2010.  *Id.* ¶ 6.  *See also* Dkt. 3, Ex. 1, Compl. ¶ 7.  During his employment, Plaintiff

6    served as a Managing Director of Business Development, and was responsible for all aspects of

7    Rembrandt's business development efforts, including interaction with patent owners and owners of

8    prospective investment opportunities located throughout the United States.  Wood Decl. ¶ 6.

9         On December 23, 2009, one week prior to starting employment, Plaintiff signed an

10   Agreement governing the terms of his employment relationship with Rembrandt.  *Id.* ¶ 7; Compl.

11   ¶ 7.  Among other provisions, the Agreement contains a non-compete covenant prohibiting Plaintiff

12   from engaging or assisting any "Competing Business" (as defined in the Agreement) for one year

13   following the termination his employment with Rembrandt:

14            Employee . . . agrees, for the valuable consideration received by Employee
             hereunder and in order to protect the legitimate business interests of the
15           Company and its affiliates (including the Company's and its affiliates'
             goodwill, trade secrets and other Confidential Information), that: (i) while
16           employed by the Company and for one (1) year thereafter, Employee shall
             not, without the written consent of the CEO or President of the Company,
17           directly or indirectly, in any manner or capacity (as a stockholder, sole
             proprietor, officer, director, employee, partner, agent, consultant, or in any
18           other corporate or representative capacity), engage or financially assist any
             Competing Business[.]
19

20   Compl., Ex. A, Agmt. ¶ 4(a).

21        The Agreement also contains a mandatory forum selection clause, which states that "the state

22   courts located in Montgomery County, Pennsylvania" and "the Federal courts located in

23   Philadelphia, Pennsylvania" shall have "exclusive jurisdiction" over "all actions and proceedings"

24   relating to Plaintiff's employment agreement or his relationship with Rembrandt:

25            Governing Law and Forum. . . . Employee and the Company submit to the
             exclusive jurisdiction of the state courts located in Montgomery County,
26           Pennsylvania and to the Federal courts located in Philadelphia, Pennsylvania
             as to all actions and proceedings relating in any way to this Agreement and/or
27           Employee's relationship with the Company.  Employee and the Company
             further agree that such courts shall have personal jurisdiction over each of
28

122237.00201/95075852v.1                              2

1          them and are a proper venue and a convenient forum with respect to all such
           actions or proceedings.

2     *Id.* ¶ 15.

3          Plaintiff resigned from Rembrandt on March 5, 2012, and thereafter began employment with

4     IP Navigation Group, a direct competitor with Rembrandt in the patent monetization industry.

5     Wood Decl. ¶¶ 6, 8.  Simultaneously with his resignation, that same day, Plaintiff commenced this

6     litigation by filing suit in the Superior Court of California for the County of San Mateo.  *See* Compl.

7     at 1.  Plaintiff's complaint seeks a declaration that the one-year non-compete covenant in his

8     Agreement is invalid under § 16600 of the California Business and Professions Code, *id.* ¶¶ 13-16,

9     and also seeks an injunction barring Rembrandt "from enforcing the non-compete provision in

10    California," *id.* ¶¶ 18-20.

11         Plaintiff served his complaint on April 5, 2012, and Rembrandt removed the litigation to this

12    Court on May 4, 2012.  *See* Dkt. 1.  Rembrandt now moves the Court to dismiss Plaintiff's

13    complaint based on the plain language of the forum selection clause in the Agreement, or, in the

14    alternative, to transfer to the parties' agreed forum – the Eastern District of Pennsylvania.

15                                    **STANDARD OF REVIEW**

16         "In diversity cases, federal law governs the analysis of the effect and scope of forum

17    selection clauses."  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000), *citing*

18    *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).  A mandatory forum

19    selection clause in an employment agreement is "presumptively valid" under federal law and

20    "should be honored absent some compelling and countervailing reason."  *Murphy v. Schneider Nat'l,*

21    *Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2003) (quotation omitted).  Plaintiff "bears a heavy burden of

22    proof" to avoid dismissal or transfer of his complaint based on the Agreement's forum selection

23    clause.  *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-15 (1972).  To meet his burden,

24    Plaintiff must "clearly show that enforcement" of the forum selection clause "would be unreasonable

25    and unjust."  *Id*.  *See also Manetti-Farrow*, 858 F.2d at 514-15.

26         If a forum selection clause is enforceable, the Court's inquiry ends and the Court must either

27    dismiss the complaint or transfer the litigation to the parties' selected forum.  *See*, *e.g.*, *Hegwer v.*

28    *Am. Hearing & Assocs.*, No. C 11-4942 SBA, 2012 U.S. Dist. LEXIS 24313, at *9-10 (N.D. Cal.

1   Feb. 27, 2012); *Mahoney v. DePuy Orthopaedics, Inc.*, No. CIV F 07-1321 AWI SMS, 2007 U.S.

2   Dist. LEXIS 85856, at \*28-29 (E.D. Cal. Nov. 8, 2007).  As discussed in detail below, the parties'

3   forum selection clause requires the Court to dismiss or, in the alternative transfer Plaintiff's

4   complaint to the Eastern District of Pennsylvania.

5                                            **LEGAL ARGUMENT**

6           The Court should grant Rembrandt's motion because the parties' forum selection clause

7   applies squarely to Plaintiff's claims and Plaintiff has not alleged any basis, let alone a "compelling

8   and countervailing" basis, for non-enforcement of the forum selection clause.  *See generally*

9   *Manetti-Farrow*, 858 F.2d at 514 (affirming dismissal: "Forum selection clauses are *prima facie*

10  valid, and are enforceable absent a strong showing by the party opposing the clause that enforcement

11  would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or

12  overreaching.") (quotation omitted).

13

14  **I.      The Forum Selection Clause in the Agreement is Valid and Requires Plaintiff to
             Litigate His Claims in Pennsylvania.**

15          The parties' forum selection clause applies clearly to the claims set forth in Plaintiff's

16  complaint and thus is presumptively valid and enforceable.  The forum selection clause requires

17  Plaintiff and Rembrandt to litigate "all actions and proceedings relating in any way" to the

18  "Agreement and/or [Plaintiff's] relationship with the Company" in a Pennsylvania court.  Compl.,

19  Ex. A, Agmt. ¶ 15.  Plaintiff's challenge to the validity of the Agreement's non-compete covenant is

20  unquestionably an "action" or "proceeding" "relating" to both the Agreement and Plaintiff's

21  employment relationship with Rembrandt.  *Id.*  The non-compete covenant is a core provision of the

22  Agreement, *id.*, and the Agreement itself sets forth the "terms and conditions" of Plaintiff's

23  relationship with Rembrandt, *id.* at 1, Preamble.

24          California federal courts have consistently enforced similarly-worded forum selection clauses

25  against parallel challenges to employee non-compete covenants.  For example, in *Mahoney v. DePuy*

26  *Orthopaedics, Inc.*, the plaintiff sought "a declaration that the non- competition clauses" in his

27  employment agreement were "void and invalid" under California law.  *Mahoney*, 2007 U.S. Dist.

28  LEXIS 85856, at \*3-4.  The district court dismissed the complaint, holding that a forum selection

1   clause governing "any claims or matters related to or arising from [the] Agreement" required the

2   plaintiff to file suit in an Indiana court.  *Id.* at *2-3.  Similarly, in *Loughlin v. Ventraq, Inc.*, the

3   district court applied a forum selection clause covering "any claim [that] arises out of this

4   Agreement (or its termination) or the Employee's employment" to dismiss a plaintiff's challenge to

5   the validity of his non-compete restriction.  *Loughlin*, No. 10-CV-2624-IEG (BGS), 2011 U.S. Dist.

6   LEXIS 37012, at *4-5 (S.D. Cal. Apr. 5, 2011).  *Cf. Besag v. Custom Decorators, Inc.*, No. CV08-

7   05463 JSW, 2009 U.S. Dist. LEXIS 13582, at *6 (N.D. Cal. Feb. 10, 2009) ("Forum selection

8   clauses apply to statutory claims under state law if the claims are inextricably intertwined with the

9   construction and enforcement of the parties' agreement.") (quotation omitted).

10           In his complaint, Plaintiff concedes that he "has agreed to comply with all provisions of the

11   Employment Agreement other than the non-compete provisions," including the Pennsylvania forum

12   selection clause.  Compl. ¶ 10.  Because the forum selection clause is "presumptively valid" and

13   Plaintiff has already conceded his agreement to comply with the forum selection clause, the Court

14   should dismiss the complaint and require Plaintiff to re-file his litigation in an appropriate

15   Pennsylvania court.

16   **II.    Plaintiff Cannot Satisfy the Heavy Burden of Proof Necessary to Avoid the Forum**
17   **        Selection Clause.**

18           The Court should also grant Rembrandt's motion because Plaintiff cannot plausibly articulate

19   any "compelling and countervailing" reason to avoid the clear terms of the Agreement's forum

20   selection clause.  The Supreme Court and the Ninth Circuit have recognized only three limited

21   circumstances where a party may avoid a contractual forum selection clause:

22           (1) "if the inclusion of the clause in the agreement was the product of fraud or
             overreaching"; (2) "if the party wishing to repudiate the clause would
23           effectively be deprived of his day in court were the clause enforced; and (3)
             "if enforcement would contravene a strong public policy of the forum in
24           which the suit is brought."

25   *Murphy*, 362 F.3d at 1140, *quoting M/S Bremen*, 407 U.S. at 12-13, 15-16.  None of those three

26   grounds is satisfied in this case.

27           *First*, Plaintiff cannot establish that the forum selection clause "was the product of fraud or

28   overreaching."  Plaintiff does not allege fraud, and there is no evidence that the Pennsylvania forum

1    selection clause is the result of anything other than "typical business contractual relations." *Id.* at

2    1141.  Rembrandt has its headquarters and principal place of business in Pennsylvania, and all of

3    Rembrandt's managing officers work in Pennsylvania.  Wood Decl. ¶ 5.  All of the employees of

4    Rembrandt's parent company, Rembrandt IP Management, LLC, also work in Pennsylvania.  *Id.*

5    Thus, it is "neither surprising nor unreasonable" that Rembrandt "prefers and contracts" to be sued in

6    Pennsylvania.  *See Mahoney*, 2007 U.S. Dist. LEXIS 85856, at *24-25.  *See also Murphy*, 362 F.3d

7    at 1141 ("To decline enforcement of a forum selection merely on [a] showing of non-negotiability

8    and power difference . . . would disrupt the settled expectations of the parties here and would

9    threaten the ability of employers to require that disputes with their employees normally be settled in

10   their neighborhood, absent some other exigency.").

11           *Second*, Plaintiff cannot establish that he "would effectively be deprived of his day in court"

12   if he is required to litigate in Pennsylvania.  Federal courts sitting in California have held repeatedly

13   that an east coast forum "will not render proceedings . . . so inconvenient as to deprive [a California

14   plaintiff] of his day in court." *Loughlin*, 2011 U.S. Dist. LEXIS 37012, at *20-22.  Thus, in *Hegwer*,

15   this district court rejected the claim of a plaintiff, who lived and worked in California, that he

16   "would not be able to pursue [his] case" if required to litigate in Pennsylvania, due to "the cost of

17   travel, hotel, . . . administrative fees and attorneys fees for a Pennsylvania attorney." *Hegwer*, 2012

18   U.S. Dist. LEXIS 24313, at *8-9.  The court held that the plaintiff's assertions were "insufficient to

19   show that enforcement of the forum selection clause would be so gravely difficult and inconvenient

20   to deprive [plaintiff] of his day in court." *Id.* at *9.  *See also*, *e.g.*, *Loughlin*, 2011 U.S. Dist. LEXIS

21   37012, at *22 (plaintiff's "San Diego residence [would] not render proceedings in New Jersey so

22   inconvenient as to deprive him of his day in court").

23           *Third*, Plaintiff cannot establish that enforcement of the forum selection clause "would

24   contravene a strong public policy" of California.  Relying on § 16600 of the California Business and

25   Professions Code, Plaintiff alleges that California has an "important" public policy "prohibiting the

26   use of non-compete agreements."  Compl. ¶¶ 12, 14.  But should Plaintiff rely on this same statute

27   for the forum selection analysis, he would improperly conflate two separate inquiries: choice-of-law

28   and forum selection.  *See Besag*, 2009 U.S. Dist. LEXIS 13582, at *10 ("A forum selection clause

122237.00201/95075852v.1                                    6

1  determines where the case will be heard, it is separate and distinct from choice of law provisions that

2  are not before the court."). It is well-settled that "a party challenging enforcement of a forum

3  selection clause may not base its challenge on a choice of law analysis." *Id.* at \*11. *See also*

4  *Hegwer*, 2012 U.S. Dist. LEXIS 24313, at \*7 ("[W]hether other provisions of the Employment

5  Agreement are unconscionable is not germane to the salient issue presented; namely, whether the

6  Plaintiff has carried his heavy burden of establishing that the *forum selection clause* is

7  unreasonable.").

8        "The question is not whether the application of the forum's law would violate the policy of

9  the other party's state, but rather, whether enforcement of the forum selection agreement would

10  violate the policy of the other party's state as to the forum for litigation of the dispute." *Swenson v.*

11  *T-Mobile USA, Inc.*, 415 F. Supp. 2d 1101, 1105 (S.D. Cal. Jan. 26, 2006). Applying this standard,

12  California courts have held that California public policy *does not* prohibit the enforcement of a

13  forum selection clause in an employment agreement. *See id.* at 1104-05. *See also*, *e.g.*, *Loughlin*,

14  2011 U.S. Dist. LEXIS 37012, at \*22-23; *Mahoney*, 2007 U.S. Dist. LEXIS 85856, at \*22-23.

15  Accordingly, these courts have uniformly rejected challenges to contractual forum selection clauses

16  based on objections that the substantive law of the selected forum may allow enforcement of a non-

17  compete agreement alleged to be invalid under California law.

18        For example, the plaintiff in *Loughlin* signed an employment agreement that contained both a

19  non-compete covenant and a New Jersey forum selection clause. *See Loughlin*, 2011 U.S. Dist.

20  LEXIS 37012, at \*3-4. Following his termination, the plaintiff brought suit in California alleging,

21  among other claims, that his non-compete covenant was "unenforceable under California law." *Id.*

22  at \*7. The district court dismissed the plaintiff's claims based on the forum selection clause,

23  rejecting the plaintiff's argument that "enforcing the forum selection clause [would] contravene

24  California's strong public policy against post-employment noncompete agreements":

25            Plaintiff does not challenge the forum selection clause directly, only its
              possible effect: the application of New Jersey law. Thus, Plaintiff's argument
26            conflates the forum-selection and choice-of-law inquiries. Even assuming,
              arguendo, the *application of New Jersey law* may lead to a result that
27            contravenes California policy, Plaintiff makes no showing that enforcing the
              venue provisions presents any potential for such a conflict. Therefore, the
28            forum selection provision is valid and enforceable.

122237.00201/95075852v.1                                7

1   *Id.* at \*22-23 (emphasis in original).

2   And, in *Mahoney*, the plaintiff signed an independent contractor agreement that also included

3   a non-compete covenant and an Indiana forum selection clause. *See Mahoney*, 2007 U.S. Dist.

4   LEXIS 85856, at \*2-3.  After his termination, the plaintiff brought a declaratory judgment action

5   asserting that his non-compete covenant was "void and invalid under California Business and

6   Professions Code § 16600." *Id.* at \*3-4.  The district court dismissed the action, rejecting the

7   plaintiff's "speculat[ion] as to how an Indiana court may or may not rule on the Agreement's . . .

8   covenant not to compete" and emphasizing that "[t]his type of indirect attack on a forum selection

9   clause has been rejected by this and other courts." *Id.* at \*22-23 (collecting cases).

10   The forum selection issues raised in this case are indistinguishable from *Swenson*, *Loughlin*,

11   and *Mahoney*.  Plaintiff signed an Agreement with a non-compete covenant and a forum selection

12   clause, and now seeks to invalidate his covenant through a declaratory judgment action.  Compl.

13   ¶¶ 7-8, 13-20.  However, "[e]nforcement of the forum selection clause itself here does not

14   contravene a strong public policy of California." *Swenson*, 415 F. Supp. 2d at 1104.  Accordingly,

15   Plaintiff cannot establish that the Agreement's Pennsylvania forum selection clause is unreasonable,

16   and cannot proceed with his litigation in a California court.

17   **III.    The Court Should Dismiss Plaintiff's Complaint.**

18   Under 28 U.S.C. § 1406(a), this Court may either dismiss Plaintiff's complaint based on the

19   Agreement's forum selection clause or, "if it be in the interest of justice," transfer the litigation to

20   the selected forum, the Eastern District of Pennsylvania. *See generally Mahoney*, 2007 U.S. Dist.

21   LEXIS 85856, at \*28-29.

22   Where, as here, a forum selection clause allows a plaintiff to proceed in either state or federal

23   court, the weight of authority suggests that the Court should dismiss the litigation. *See*, *e.g.*, *id.* at

24   30-31; *Loughlin*, 2011 U.S. Dist. LEXIS 37012, at \*26; *Chang Wei Lee v. XO Commc'ns, LLC*, No.

25   CV 11-8677-JFW (VBKx), 2012 U.S. Dist. LEXIS 7580, at \*11-12 (C.D. Cal. Jan. 13, 2012).

26   Under this approach, Plaintiff may then elect to re-file his litigation in either an appropriate

27   Pennsylvania state court or the federal court for the Eastern District of Pennsylvania. *See* Compl.,

28   Ex. A, Agmt. ¶ 15. *See also Tolentino v. Mossman*, No. 2:07-CV-1243-GEB-DAD, 2007 U.S. Dist.

1   LEXIS 95717, at *22-23 n.9 (E.D. Cal. Dec. 13, 2007) ("Although § 1406(a) permits transfer or

2   dismissal, [plaintiff's] claims are dismissed because the forum selection clause provides [plaintiff]

3   the option of re-filing the action in Iowa, in either state or federal court, and leaves the filing

4   decision to [plaintiff].").

5                                          **CONCLUSION**

6          For the foregoing reasons, the Court should grant Rembrandt's motion and dismiss Plaintiff's

7   complaint, or, in the alternative, transfer Plaintiff's litigation to the Eastern District of Pennsylvania.

8
    DATED:  May 11, 2012                    BLANK ROME LLP
9

10

11                                          By:  /s/ Colleen A. Carolan
                                                 Colleen A. Carolan
12
                                            Attorneys for Defendant
13                                          REMBRANDT IP SOLUTIONS, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    122237.00201/95075852v.1                         9

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1925 Century Park East, 19th Floor, Los Angeles, California 90067.

On May 11, 2012, I served the foregoing documents described as: DEFENDANT REMBRANDT IP SOLUTIONS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT UNDER F.R.C.P. 12(b)(3) OR, IN THE ALTERNATIVE, TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1406(a) on the parties in this action by serving:

**Keith L. Slenkovich, Esq.**
**Leizel A. Ching, Esq.**
**Wilmer Cutler Pickering Hale and Dorr LLP**
**950 Page Mill Road**
**Palo Alto, CA  94303**
**Phone:  650-858-6000**
**Fax:  650-858-6100**
**Email:   keith.slenkovich@wilmerhale.com**
**Email: leizel.galon@wilmerhale.com**

☒     **By Envelope** - by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as below and delivering such envelopes:

☒     **By Mail**:  As follows:  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐     **By Federal Express**:  I caused the envelope(s) to be delivered to the Federal Express office at 1925 Century Park East, 19th Fl., Los Angeles, California 90067, on May 11, 2012, for delivery on the next-business-day basis to the offices of the addressee(s).

☐     **By E-Mail Electronic Transmission**:   Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) so indicated below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on May 11, 2012, at Los Angeles, California.

☒     **FEDERAL**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

 /s/ Michelle Grams
Michelle L. Grams

122237.00201/95075852v.1                                        10