UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILIP HARTSTEIN,<br><br>        Plaintiff,<br><br>    v.<br><br>REMBRANDT IP SOLUTIONS, LLC, ET AL.,<br><br>        Defendants. | Case No. 12-cv-02270 NC<br><br>**ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 1 |

The Court issues this order sua sponte to address concerns regarding the issue of subject matter jurisdiction. Plaintiff Philip Hartstein sued defendant Rembrandt IP Solutions, LLC in state court for declaratory and injunctive relief based on the allegation that a non-compete covenant in plaintiff's employment agreement with Rembrandt is unenforceable under California Business and Professions Code § 16600. Not. Removal ¶ 6, Dkt. No. 1. Defendant Rembrandt removed the action to this Court, invoking federal jurisdiction under 28 U.S.C. § 1332 on the basis of diversity of citizenship. *Id.* ¶ 5.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The party seeking to invoke the court's jurisdiction bears the

1 burden of establishing grounds for the exercise of federal jurisdiction.  *Scott v. Breeland*,
2 792 F.2d 925, 927 (9th Cir. 1986).  Even if no party challenges subject matter
3 jurisdiction, the court has a duty to raise the issue sua sponte.  *Gaus v. Miles, Inc.*, 980
4 F.2d 564, 566 (9th Cir. 1992).

5       Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over "all civil
6 actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of
7 interest and costs, and is between–[] citizens of different states."  28 U.S.C. § 1332(a).  If
8 a litigant is an entity rather than an individual, the form of the entity dictates citizenship
9 for purposes of federal subject matter jurisdiction.  *Johnson v. Columbia Props.*
10 *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

11       Under Ninth Circuit law, citizenship of a limited liability company can be
12 determined only by reference to the citizenship of each of its members.  *Id.*  Thus, the
13 state of organization and the principal place of business of a limited liability company is
14 irrelevant to determine citizenship.  *See id.*; *see also Shore to Shore Props., LLC v. Allied*
15 *World Assur.*, No. 11-cv-01512 JSW, 2011 U.S. Dist. LEXIS 93621, at *2 (N.D. Cal.
16 Aug. 22, 2011) ("[A] limited liability company is a citizen of the states of which its
17 members are citizens, and is not a citizen of the state in which it was organized unless one
18 of its members is a citizen of that state.") (citations omitted).

19       Here, it is undisputed that Plaintiff is an individual and citizen of the State of
20 California.  *Id.* ¶ 4.  Rembrandt asserts that it is a citizen of Delaware and Pennsylvania,
21 pleading its citizenship as if it was a corporation.  *See id.* ¶ 5.  Rembrandt fails, however,
22 to establish the citizenship of each member of the limited liability company.

23       Because defendant bears the burden of setting forth jurisdictional facts, Rembrandt
24 must show cause why this case should not be remanded to state court for lack of subject
25 matter jurisdiction.  Rembrandt must show cause in writing no later than May 31, 2012.
26 Rembrant's response must identify and specify the citizenship of each member of
27 Rembrandt IP Solutions, LLC.
28 //

Case No. 12-cv-02270 NC
ORDER TO SHOW CAUSE

1   Additionally, the case management conference scheduled for August 8, 2012 is
2 VACATED. The Court will reschedule the case management conference if it determines
3 that subject matter jurisdiction is satisfied.
4
5 IT IS SO ORDERED.
6
7 DATED: May 11, 2012                               _____
                                                    NATHANAEL M. COUSINS
8                                                   United States Magistrate Judge

Case No. 12-cv-02270 NC
ORDER TO SHOW CAUSE